No. 144

SPIEGLE v. BRENNER

Ohio Appeals, 9th Dist., Wayne Co.

No. 825.  Decided Jan. 12, 1927

1105.  STATUTE OF FRAUDS—The amendment to 8621 GC., effective July 10, 1925, does not apply to a contract by which an owner of real estate agrees to pay a broker a commission for obtaining a lessee for real estate owned by him.

First Publication of this Opinion

PARDEE, P. J.

Wilton Spiegle brought an action in the Wayne Common Pleas against Simon Brenner et al. to recover commission on an oral agreement whereby Spiegle was to procure a tenant for Brenner. It was alleged that a tenant was procured and a lease was executed to him, which it was claimed entitled Spiegle to a commission.

A demurrer to this petition was sustained on the ground that it did not contain sufficient allegations to constitute a cause of action. Plaintiff not desiring to plead further, final judgment was rendered in favor of defendant.

Brenner relied on 8621 GC., the part thereof

relating to this controversy being the amendment which was passed March 27, 1925 and which became effective July 10, 1925. Spiegle claims that the amendment applies only to a sale of an interest in real estate and does not affect commissions based upon the lease of real estate; and even if the statute does apply, the contract being executed, Spiegle is entitled to the reasonable value of his services; and that the agreement between the parties was made before the effective date of the amendment. The Court of Appeals held:

1. When an agreement sued upon is within the statute of frauds and it shows upon the face of the petition that it is not in writing, the petition may be tested by demurrer; so in this case the question is properly presented. 37 OS. 402.

2. Statutes in derogation of the common law should be strictly construed, and it has been held that statues of fraud should be so construed.

3. The amendment added to the old statute that following words:—"Nor upon any agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate."

4. The members of the legislature knew the ordinary meaning of the word "sale" of an interest in real estate as distinguished from the "lease" of real estate and if they had intended the terms of the amendment to apply to one who obtained a lease for an owners real estate for a commission, they would have said so.

5. This amendment will be given the meaning usually and ordinarily attached to the words used; that the legislature did not intend it to apply to a contract such as set out in Spiegle's petition, and if the language were to be interpreted there could be no doubt as to the meaning intended.

Judgment reversed and cause remanded.

(Washburn & Funk, JJ., concur.)

Attorneys—Benton S. Hay for Spiegle; Weygant & Ross for Brenner; all of Wooster.